Coleman & Starr *vs.* Dickerson.

No. 79.—COLEMAN & STARR, plaintiffs in error, *vs.* JOHN D. DICKERSON, defendant.

[1.] When an insolvent debtor files his schedule at the first term of the Court after his arrest, to take the benefit of the Act of 1823, for the relief of honest debtors, the creditor who desires to traverse the schedule so filed, and to suggest fraud, or concealment of any property, money or effects, not embraced in said schedule, must do so at the first term of the Court after such arrest, and will not be allowed to do so at any subsequent term of the Court thereafter, unless for special and good cause shown to the Court.

[2.] As a matter of practice, the provisions of the Act of 1823 will best be answered, by requiring the oath of the insolvent debtor to be spread upon the minutes of the Court, and there subscribed by him, and an order entered thereon, reciting his arrest, the names of his creditors who have been legally notified, authorizing his discharge, so that a perfect record may be made for the protection of the debtor, as well as for the information of all persons interested.

*Ca. sa.* from Floyd Superior Court. Decided by Judge JOHN H. LUMPKIN, July Term, 1851.

The facts of this case are as follows:

John D. Dickerson was arrested by a *ca. sa.* at the instance of Coleman & Starr, and gave security for his appearance at Court. On the 5th day of July, 1850, a short time before the session of the Superior Court, he filed in the Clerk's office a schedule of his effects, for the purpose of taking the benefit of the Act for the relief of honest debtors, and notified Coleman & Starr thereof. At July Term, 1850, he went to the Clerk, in open Court, with an affidavit in writing, as prescribed by said Act, and swore to the same in the presence of the Clerk, who attested it, and filed it in office. Subsequently, the case was called in its order, and was continued by the defendant. At July Term, 1851, it was again called, and defendant moved to take an order, as of July Term, 1850, discharging the defendant.

This was resisted by Coleman & Starr, who moved to file a suggestion of fraud and concealment. The Court refused leave to file the suggestion of fraud, and allowed the defendant to take an order, *nunc pro tunc,* discharging him from arrest.

To which decisions the plaintiffs in *ca. sa.* excepted.

ALEXANDER, for plaintiff in error.

UNDERWOOD, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

There are two grounds of error assigned to the judgment of the Court below.

1st. In refusing to compel the defendant in *ca. sa.* to join issue as to the question of fraud, which was tendered at July Term, 1851.

2d. In granting the order, *nunc pro tunc,* for the defendant's discharge, at July Term, 1851.

[1.] We find no error in the ruling of the Court upon the

first ground.   The defendant in *ca. sa.* was arrested on the 19th January, 1850, and gave bond for his appearance at the next term of the Superior Court, to take the benefit of the Act for the relief of honest debtors.   The defendant filed his schedule in the Clerk's office, on the 5th day of July, 1850, which was previous to the first term of the Court after his arrest.   Notice was also given to the arresting creditor, previous to that time. The schedule being filed, and notice given, as required by the Act of 1823, that Act requires, that an issue suggesting fraud or concealment of any money, property or effects, should be made up at the *first term of the Court* to which the proceedings are made returnable.   *Prince*, 292.   If the creditor can delay making the suggestion of fraud, until a subsequent term after the schedule of the debtor is filed, the debtor may be imprisoned six months longer than the Act contemplates ; for either party may have a *continuance* of the cause, if unprepared for trial, whenever the suggestion of fraud is made.   The Act contemplates that the schedule of the debtor shall be filed at the *first term of the Court* after the arrest of the defendant, (provided he is arrested twenty days before the sitting of the Court,) and that the suggestion of fraud shall be made at that term, and tried, unless the parties shall be unprepared for trial, as specified in the Act.   Here the debtor's schedule was filed previous to the July Term of the Court, 1850, and the arresting creditor notified.   At the July Term of the Court, 1851, the arresting creditor, for the first time, tenders an issue of fraud, and asks the Court to compel the debtor to join issue with him as to that fact—the debtor's schedule having been filed in the Clerk's office more than twelve months, open to the inspection of the creditors.

The schedule of the debtor should have been traversed by the creditors, at the term of the Court at which it was filed, unless some special and good cause had been shown why it was not done, and the motion to compel the debtor to join issue with the creditors, tendered more than twelve months after the schedule had been filed, was properly refused by the Court.

[2.]   We are of the opinion there was error in the Court below, in allowing the order for the debtor's discharge to be enter-

ed, *nunc pro tunc*, according to the facts disclosed by the record in this case. The judgment of the Court below appears to have been based on the fact, that the debtor had made an affidavit, which was found in the Clerk's office, swearing to the truth of his schedule in open Court, at July Term, 1850. At July Term, 1851, the motion is made, to enter the order for the debtor's discharge, which it is said ought to have been entered on the minutes of the Court, at July Term, 1850. The motion is founded on the presumption, that inasmuch as the affidavit of the debtor is found in the Clerk's office, swearing to the truth of his schedule before the Clerk, in open Court, an order was granted by the Court for his discharge, at July Term, 1850, but was omitted to be entered on the minutes of the Court at that term. Whatever ight have been the legal presumption in the absence of the evidence furnished by the record in this case, it is unnecessary to declare, as we are well satisfied that the evidence furnished by the record, entirely rebuts the presumption that any such order for his discharge was granted by the Court, at July Term, 1850. The Court continued in session two weeks. The affidavit of the defendant bears date, according to the evidence of Wm. T. Trammell, H. M. Dunwoddy and John W. H. Underwood, Esqrs. as of the second or third day of the first week of the term of the Court. The minutes showed nothing in regard to the action of the Court in the matter, at July Term, 1850.

John W. Hooper, Esq. testified, that he was the presiding Judge of the Superior Court, at the July Term, 1850, and that the defendant *continued* his case at that term, on account of the sickness of his attorney, A. B. Coulter, Esq. Judge *Hooper's* recollection is corroborated by the production of the Bench docket, which showed an entry in the hand-writing of the presiding Judge, that the case was *continued by the defendant*, at July Term, 1850. Wm. T. Trammell and H. M. Dunwoddy, Esqrs. state, that the case was *continued* by the defendant, at the July Term of the Court, 1850, on account of the sickness of his attorney, and that the same was continued some time during the *second week of the Court*. The evidence contained in this record, establishes most conclusively, we think, that there was no action of

the Court had at the July Term, 1850, in relation to the defendant taking the benefit of the Act for the relief of honest debtors, as contemplated by that Act. The oath, found among the papers in the Clerk's office, bears date during the early part of the *first week* of the term, and the case is continued by the defendant, during the *second week* of the term. If he had obtained the order of the Court for his discharge, when the oath was made, during the *first* week, why did he continue the case during the *second* week of the Court? But how did the defendant's affidavit get into the Clerk's office? John W. H. Underwood, Esq. says, he wrote the affidavit for the defendant, as his counsel, and the most reasonable supposition is, that the defendant went before the Clerk while the Court was in session, took and subscribed the oath, and it was filed among the papers in the case, without any *action of the Court* being had in relation to the matter. The Act of 1823 requires, that the Court shall direct the Clerk to make an entry upon his minutes, in relation to the oath taken by insolvent debtors. No such entry appears on the minutes of the Court, at July Term, 1850, and, in our judgment, no order was granted by the Court at that term, for the discharge of the defendant; consequently, the motion to have such order entered, *nunc pro tunc,* at July Term, 1851, ought not to have been allowed. As a matter of practice, in regard to the discharge of insolvent debtors, we think the provisions of the Act will best be answered, by having the oath spread upon the minutes of the Court, and be subscribed by the party taking it, and that the judgment of the Court discharging the debtor should recite his arrest, and the names of all the creditors who have been legally notified, so that a complete and perfect record of the whole proceedings may appear, not only for the protection of the defendant, but for the benefit of all persons interested.

Let the judgment of the Court below be reversed on the second ground of error taken in the record.